1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9   CHRISTOPHER ROACH,                      Case No. 19-cv-03921-TSH

10              Plaintiff,                   **ORDER GRANTING MOTION FOR**
                                             **ATTORNEY'S FEES PURSUANT TO**
11       v.                                  **42 U.S.C. § 406(b)**

12   KILOLO KIJAKAZI,

13              Defendant.                   Re: Dkt. No. 32

14

15                    **I.    INTRODUCTION**

16          After Plaintiff Christopher Roach brought this action for review of the Commissioner of

17   Social Security's decision to deny benefits, the Court remanded the case and the Commissioner

18   issued a decision in his favor.  Roach's attorney, Katherine R. Siegfried, now seeks $18,000.00 in

19   attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).  ECF No. 32.

20   The government filed a response indicating the Commissioner takes no position as to the

21   reasonableness of Siegfried's request but, should the Court find counsel's request reasonable, any

22   award of fees should subject to an offset of fees awarded under the Equal Access to Justice Act

23   ("EAJA"), 28 U.S.C. § 2412.  ECF No. 33.  For the following reasons, the Court **GRANTS** the

24   motion.

25                    **II.    BACKGROUND**

26          Roach brought this action for judicial review under the Social Security Act, 42 U.S.C. §

27   405(g).  On July 17, 2020, the Court granted his summary judgment motion and remanded for

28   further proceedings.  ECF No. 28.  The Court subsequently granted the parties' stipulation for

United States District Court
Northern District of California

1    attorney's fees under the EAJA in the amount of $9,000.00.  ECF No. 31.

2         On remand, the Commissioner granted Roach's application and awarded $103,711 in

3    retroactive benefits.  Siegfried Decl. ¶ 6, ECF No. 32-1; *id.*, Ex. 3 (Notice of Award), ECF No. 32-

4    4.  Under a contingent-fee agreement, Roach agreed to pay counsel up to 25% of any past-due

5    benefits award, which in this case would be $25,927.00.  *Id.* ¶ 4 & Ex. 1, ECF No. 32-2.  Counsel

6    now requests 17% of the total benefits, $18,000, in recognition of the fact that Roach must also

7    pay the attorney who represented him in his administrative proceedings.  Mot. at 2.

8                                III.   LEGAL STANDARD

9         Attorneys handling social security proceedings may seek fees for their work under both the

10   EAJA and the Social Security Act.  While the government pays an award pursuant to the EAJA,

11   an award pursuant to § 406 of the Social Security Act is paid out of a successful claimant's past-

12   due benefits.  *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir.

13   1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001).

14   Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . .

15   who was represented before the court by an attorney" may grant the attorney "a reasonable fee for

16   such representation, not in excess of 25 percent of the total of the past-due benefits to which the

17   claimant is entitled by reason of such judgment."  In passing § 406, Congress sought to protect

18   attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees.

19   *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

20        The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to

21   displace, [contingency] fee agreements between Social Security benefits claimants and their

22   counsel."  535 U.S. at 793.  Even if a fee request under § 406(b) is within the 25 percent statutory

23   limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is

24   responsible for serving as an "independent check" to ensure the reasonableness of the fee.  *Id.* at

25   807.  Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be

26   assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness."

27   *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at

28   808).  The court should consider "the character of the representation and the results the

United States District Court
Northern District of California

1  representative achieved," and determine "whether the amount [of fees specified in the contingency

2  fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits

3  that are not in proportion to the time spent on the case." *Id.* at 1151.  The reasonableness

4  determination is not governed by the lodestar method, because "[t]he lodestar method under-

5  compensates attorneys for the risk they assume in representing [social security] claimants and

6  ordinarily produces remarkably smaller fees than would be produced by starting with the

7  contingent-fee agreement." *Id.* at 1150.  However, "the court may require counsel to submit a

8  record of hours spent and a statement of normal hourly billing charges[,] . . . but only *as an aid* in

9  assessing the reasonableness of the fee." *Id.* (emphasis in original).

10      Additionally, a § 406(b) fee award is offset by any award of EAJA fees.  Thus, if the court

11  awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the

12  claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

## IV.   DISCUSSION

14      The Court finds counsel has met her burden to demonstrate the requested fees are

15  reasonable.  As noted above, Roach entered into a contingent fee agreement providing for a 25%

16  fee, which is consistent with the statutory cap.  There is no evidence that Siegfried's performance

17  was substandard; to the contrary, counsel's representation resulted in Roach receiving

18  $103,711.00 in past-due benefits. *See Matos v. Saul*, 2021 WL 1405467, at *2 (N.D. Cal. Apr. 14,

19  2021) (awarding 25% under contingent fee agreement where plaintiff received $109,899.60 in

20  benefits upon remand); *Khlopoff v. Saul*, 2020 WL 7043878, at *2 (N.D. Cal. Dec. 1, 2020)

21  (awarding 25% under contingent fee agreement where plaintiff received $73,209.00 in benefits

22  upon remand).

23      Siegfried states her non-contingency based hourly rate for appellate cases (not related to

24  Social Security) is currently $500 per hour.  Siegfried Decl. ¶¶ 2.  She also states she spent 59.9

25  hours working on this case, leading to an effective hourly rate of $301 per hour. *Id.* ¶ 9; *id.*, Ex. 2,

26  ECF No. 32-3 (timesheet).  In reviewing counsel's rate, the Court is mindful of the Ninth Circuit's

27  instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the

28  hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of*

United States District Court
Northern District of California

1  *Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  "As a result, courts should generally defer to

2  the 'winning lawyer's professional judgment as to how much time he was required to spend on the

3  case.'"  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting

4  *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal.

5  2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate

6  basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract

7  for which there runs a substantial risk of loss.").  As such, the requested fee is reasonable because

8  of the substantial risk of loss inherently involved in representing Social Security disability

9  claimants.  *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and

10  $902); *McCullough v. Berryhill*, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving

11  effectively hourly rate of $874.72); *Harrell v. Berryhill*, 2018 WL 4616735, at *4 (N.D. Cal. Sept.

12  24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*,

13  2017 WL 168060, at * 2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131);

14  *Palos v. Colvin*, 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly

15  rate of $1,546.39).  The Court therefore finds the requested fees are reasonable.

16       Once the Court determines that the fee sought under § 406(b) is reasonable, it must

17  account for the attorney's fees paid by the Commissioner under the EAJA.  *Gisbrecht*, 535 U.S. at

18  796.  "Congress harmonized fees payable by the Government under EAJA with fees payable under

19  § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's

20  attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant

21  receives 100% of the past-due benefits.  *Gisbrecht*, 535 U.S. at 796.  Here, the Court finds

22  counsel's § 406(b) request reasonable, and therefore counsel shall refund to Roach the $9,000 in

23  EAJA fees previously awarded.  *See Khlopoff*, 2020 WL 7043878, at *2 (finding § 406(b) request

24  reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

25                    **V.   CONCLUSION**

26       For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees.

27  The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of

28  $18,000.00, payable to Katherine Siegfried.  Counsel is **ORDERED** to refund the $9,000.00

4

EAJA fee award to Plaintiff Christopher Roach.

**IT IS SO ORDERED.**

Dated: April 13, 2022

THOMAS S. HIXSON
United States Magistrate Judge